IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01881-REB-CBS

RAYMOND E. JACKSON

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

    Defendant.

**ORDER DENYING JUDGMENT AS A MATTER OF LAW
UNDER FED. R. CIV. P. 50(a)**

**Blackburn, J**

This matter is before me on the defendant's oral, mid-trial and post-evidentiary motions for judgment as a matter of law under FED. R. CIV. P. 50(a). I deny the motions.

Rule 50(a)(1) provides:

(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

A motion for judgment under Rule 50(a)(1) may be made at any time before the case is submitted to the jury. FED. R. CIV. P. 50(a)(2).

Rule 50(a)(2) provides,

1

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

A jury trial in this case commenced on May 19, 2008. The defendant's 50(a) motion was made after the close of the plaintiff's case and renewed at the close of the evidence. I took the motions under advisement and submitted the action to the jury, subject to my subsequent determination of the legal questions raised by the motions. *See* Fed.R.Civ.P. 50(b).

The plaintiff brought three claims for relief under Title VII: 1) a claim for intentional employment discrimination based on race; 2) a claim for hostile work environment and race-based harassment; and 3) a claim for retaliation for participating in the EEO process.[1] The plaintiff has the burden of establishing each essential element of each of his claims by a preponderance of the evidence.

Thus, on his claim for discrimination based on race, the plaintiff must establish each of the following essential elements:

1. That defendant took an adverse action against plaintiff; and

2. That plaintiff's race was a motivating factor for defendant's action.

On his claim for hostile work environment and race-based harassment, the plaintiff must establish each of the following essential elements:

1. That plaintiff was subjected to harassment by his supervisor, Shelby Broadway; and

---

[1] Plaintiff's claim for retaliation included a claim that the adverse employment action included either a hostile work environment or a pattern of harassment and/or a discrete act.

2. That Broadway's conduct was unwelcome; and

3. That the harassment was based on plaintiff's race; and

4. That the harassment was sufficiently severe or pervasive that a reasonable person in plaintiff's position and circumstances would find the plaintiff's work environment to be hostile or abusive; and

5. That at the time the harassment occurred and as a result of the harassment, plaintiff believed his work environment to be hostile or abusive.

Finally, on his claim for retaliation for participating in the EEO process, the plaintiff must establish each of the following essential elements:

1. That plaintiff participated in the EEO process; and

2. That plaintiff was subjected to an adverse employment action contemporaneous with or subsequent to such opposition; and

3. That a causal connection existed between the protected activity identified in essential element number 1 above and the adverse employment action – that is, that plaintiff's participation in the EEO process was a motivating factor in defendant's employment decisions.

In considering the defendant's 50(a) motion, the court is required to consider all of the evidence presented at trial, and must review the record "taken as a whole." **Reeves v. Sanderson**, 530 U.S. 133, 150 (2000). In conducting this review of the evidence "the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence." **Reeves**, 530

U.S. at 150. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Id.* (quoting **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250-251 (1986)).

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

**Reeves**, 530 U.S. at 151 (quoting 9A C. Wright & A. Miller, **Federal Practice and Procedure**, § 2529, p. 300 (2d ed. 1995)). In sum, the "standard for granting summary judgment mirrors the standard for judgment as a matter law, such that 'the inquiry under each is the same.'" **Reeves**, 530 U.S. at 150 (quoting **Anderson v. Liberty Lobby, Inc.**, 477 U.S. at 250-251).

The court has considered all relevant evidence, both direct and circumstantial, and has applied the foregoing principles and standards of analysis to the existing evidentiary record, and finds and concludes as follows:

1. That none of the evidence is incredible as a matter of law;

2. That genuine issues of material fact exist as to one or more of the essential elements of each of the plaintiff's claims;

3. That there is a legally sufficient evidentiary basis for a reasonable jury to find in favor of the plaintiff on each essential element of each of his three claims under Title VII; and

4. That the defendant is not entitled to judgment as a matter of law on any of the plaintiff's claims under Title VII.

4

**THEREFORE, IT IS ORDERED** that the movant's mid-trial and post-evidentiary, oral motions for entry of judgment as a matter of law under Fed. R. Civ. P. 50(a)(1) are **DENIED**.

Dated May 22, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**