IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-01881-REB-CBS

RAYMOND E. JACKSON,

    Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL,

    Defendant.

---

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

---

**Blackburn, J.**

The matter before me is **Defendant's Renewed Motion for Judgment as a Matter of Law** [#94], filed July 10, 2008. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

A renewed motion for judgment as a matter of law post-verdict is determined under the same standards as govern resolution of a post-evidentiary motion for judgment as a matter of law under Fed.R.Civ.P. 50(a). Motions under this rule "should be cautiously and sparingly granted." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). I cannot pass judgment on the credibility of

witnesses or substitute my judgment for that of the jury. *Id.*, 120 S.Ct. at 150; *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). Judgment as a matter of law is appropriate "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Hinds*, 988 F.2d at 1045.

### III. ANALYSIS

This matter was tried to a jury from May 19-22, 2008. Following defendant's partially successful motion for summary judgment (*see* **Order Re: Defendant's Motion for Summary Judgment** [#61], filed May 1, 2008), three Title VII claims remained for determination by the jury: (1) a claim for intentional employment discrimination based on race; (2) a claim for retaliation for participating in the EEO process; and (3) a claim for hostile work environment and race-based harassment. At the close of plaintiff's case-in-chief, defendant moved to dismiss all plaintiff's claims as a matter of law pursuant to Fed.R.Civ.P. 50(a). I denied the motion (*see* **Order Denying Judgment As a Matter of Law Under Fed.R.Civ.P. 50(a)** [#80], filed May 22, 2008), and the case was presented to the jury. The jury returned verdicts on all claims in favor of plaintiff and awarded him $200,000 in compensatory damages. Defendant now renews his motion judgment as a matter of law as provided by Fed.R.Civ.P. 50(b). I find his arguments no more persuasive now than I did in the context of his Rule 50(a) motion.

Defendant first claims that the evidence was insufficient to show that the refusal of plaintiff's request to case the mail for Route 105 for two weeks constituted an adverse employment action. He claims plaintiff's testimony was wholly speculative and that the

2

denial resulted in no more than *de minimis* harm in any event.  I disagree on both counts.  Given that it was defendant's actions that prevented plaintiff from undertaking the job, he can hardly be blamed for some uncertainty as to how much extra income he would have earned had he been allowed to work that route.  Moreover, it cannot be said that $200 is a *de minimis* harm as a matter of law.  In the context of any individual's regular weekly income, $200 may be significant indeed.

Nor do I agree with defendant that there was insufficient evidence to establish that the decision to deny plaintiff the ability to bid the route was racially motivated. Plaintiff was the only African-American limited duty carrier at the Valmont station.  There was ample testimony to support a jury's conclusion that plaintiff's supervisor, Shelby Broadway, subjected him to particular scrutiny that was different in both degree and caliber as that to which his peers were subject.  Although plaintiff previously had been allowed to case the mail for other carriers, and was, in fact, originally approved by another supervisor to do so in this particular instance, Broadway stepped in and prevented him from doing so.  Under these circumstances, the jury was well with in its purview to conclude that defendant's assertion that plaintiff's physical disability prevented him from taking the position because he could not also carry the mail was unworthy of credence and merely a pretext for discrimination.

These same arguments are no more compelling in the context of plaintiff's retaliation claim.  In addition, although defendant points out that plaintiff was not, in fact, deterred from filing a charge of discrimination in this instance, **see Burlington Northern & Santa Fe Railway Co. v. White**, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d

3

345 (2006), this fact is not dispositive, *see Somoza*, 513 F.3d 1206, 1214 (10th Cir. 2008) (noting only that such evidence "may shed light" on the question of materiality in a particular case).[1] The test prescribed by **Burlington Northern** is an objective one, focusing on the likely effect of an employer's actions, not its actual effect on any given employee. **See Burlington Northern**, 126 S.Ct. at 2415. Just as "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience," *id.*, an employee's decision to make such a report cannot automatically immunize his employer from all liability for actions that are in all other respects retaliatory. **But see Bush v. Mukasey**, 2008 WL 3833815 at *8 (D. Utah Aug. 13, 2008). I, therefore, cannot say that the jury erred in concluding that a reasonable employee, albeit perhaps one less stalwart than plaintiff, would have been deterred from filing a charge of discrimination as a result of Broadway's actions.

Finally, as to plaintiff's hostile work environment claim, defendant asserts that various "discrete acts" that I ruled were not sufficient in themselves to support separate claims of discrimination and/or retaliation cannot be used to support a claim of hostile work environment. This argument is directly contrary to the nature and purpose of a hostile work environment claim. Indeed, the very Tenth Circuit case on which defendant relies for his argument expressly cautions that in considering such a claim, the finder of

---

[1] To the extent that my prior citation to **Somoza** might be construed to dictate a contrary result, I note that my reference to the decision in that context was simply dicta, as plaintiff made no allegation that the particular proposed change in his job responsibilities under consideration there was discriminatory or retaliatory. (**See Order Re: Defendant's Motion for Summary Judgment** at 6 & n.4 [#61], filed May 1, 2008.) The fact that plaintiff was undeterred from filing a charge of discrimination in that instance, thus, was just one piece of evidence supporting my ultimate conclusion. Here, it is not sufficient in itself to overcome the jury's contrary conclusion on the retaliation claim before it.

4

fact must "view the evidence in context, not simply in its segmented parts." ***Juarez v. Utah***, 2008 WL 313671 at *10 (10th Cir. Feb. 5, 2008) (quoting ***O'Shea v. Yellow Technology Services, Inc.***, 185 F.3d 1093, 1096-97 (10th Cir. 1999)) (internal quotation marks omitted). I do not read ***Juarez*** as anything more than a fact-specific application of that rule in the context of the evidence presented in that case. I certainly do not believe that it avows or affirms an inflexible rule precluding a plaintiff from supporting a hostile work environment claim by reference to discrete employment acts that may themselves not rise to the level disparate treatment or retaliation.

Moreover, to the extent the principle on which defendant seeks to rely is recognized in other federal courts, it is designed to prevent a plaintiff from "cobbling together a number of distinct, disparate acts [to] create a hostile work environment." ***Brantley v. Kempthorne***, 2008 WL 2073913 at *8 (D.D.C. May 13, 2008). Such was not the nature of plaintiff's evidence in this case, however. Rather, his evidence was sufficient to show a pattern of abusive conduct of which the alleged "discrete acts" were merely a part.

Moreover, I flatly reject the implication of defendant's argument that Title VII protects an employee from harassment only where his harasser is an overt racist. This is not the law. A proper application of Title VII in this context requires a consideration of "*all* the circumstances," ***Montes v. Vail Clinic, Inc.***, 497 F.3d 1160, 1169-70 (10th Cir. 2007) (emphasis added), to determine whether a plaintiff was subjected to harassment because of his race:

> Such a thorough examination of the record is required
> because the very term 'environment' indicates that allegedly

> discriminatory incidents should not be examined in isolation. Under this interpretation, because conduct which is not [race]-based may form a part of the context or environment in which the discriminatory conduct is alleged to have occurred, such conduct may be relevant to, and should be considered in, evaluating a hostile work environment claim.

*McCowan v. All Star Maintenance, Inc.*, 273 F.3d 917, 925 (10th Cir. 2001) (quoting *O'Shea*, 185 F.3d at 1097). *See also Smith v. Northwest Financial Acceptance, Inc.*, 129 F.3d 1408, 1415 (10th Cir. 1997) (noting that "the word 'pervasive' is not a counting measure. The trier of fact utilizes a broader contextual analysis. It begins with the number, sequence, and timing of the conduct. The factfinder then looks at the nuances of an environment that is imposed by each instance of discriminatory behavior"); *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (considering racial comments along with general ridicule of plaintiff); *Watson v. City of Topeka*, 241 F.Supp.2d 1223, 1232 (D. Kan. 2002) (noting that "[n]on-verbal conduct may be considered; and, conduct that is not overtly racist may be considered" and finding that "conduct that suggests disrespect and condescension" may evidence racial animus when viewed in context).

The evidence clearly established that plaintiff was the only African-American limited duty modified carrier at the Valmont station. The jury could reasonably have concluded that Broadway, although a harsh supervisor in general, singled plaintiff out for particular abuse not visited on his non-minority counterparts. The jury's ultimate conclusion that plaintiff was subjected to a hostile work environment because of his race, thus, was not so against the great weight of the evidence as to entitle defendant to judgment as a matter of law.

**THEREFORE, IT IS ORDERED** that **Defendant's Renewed Motion for Judgment as a Matter of Law** [#94], filed July 10, 2008, is **DENIED**.

Dated November 7, 2008, at Denver, Colorado.

**BY THE COURT**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**