IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-01881-REB-CBS

RAYMOND E. JACKSON,

    Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

**Blackburn**, J.

The matter before me is **Defendant's Motion for New Trial** [#95], filed July 10, 2008. I deny the motion.

## I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

When a case has been tried to a jury, a new trial may be granted "for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States." **FED.R.CIV.P.** 59(a)(1). A motion for new trial "is not regarded with favor and should only be granted with great caution." **United States v. Kelley**, 929 F.2d 582, 586 (10th Cir. 1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. **Id.**

A motion for a new trial based on the ground that the verdict is against the weight of the evidence presents a question of fact. **Patton v. TIC United Corp.**, 77 F.3d 1235,

1

1242 (10th Cir.), *cert. denied*, 116 S.Ct. 2525 (1996); **Brown v. McGraw-Edison Co.**, 736 F.2d 609, 616 (10th Cir. 1984). In reviewing the motion, I may "not weigh the evidence, pass on the credibility of the witnesses, or substitute [my] conclusions for that of the jury." **Minshall v. McGraw Hill Broadcasting Co.**, 323 F.3d 1273, 1279 (10th Cir. 2003) (citation and internal quotation marks omitted). The motion should be granted only "if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." ***Id.*** (citation and internal quotation marks omitted).

In order to secure a new trial based on an allegedly improper evidentiary ruling, the movant must show both that the court's evidentiary rulings were clearly erroneous and that they were prejudicial such that "it can be reasonably concluded that with or without such evidence, there would have been a contrary result." **Hinds v. General Motors Corp.**, 988 F.2d 1039, 1049 (10th Cir. 1993). "Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties." **Stewart v. South Kansas and Oklahoma Railroad, Inc**., 36 F.Supp.2d 919, 920 (D. Kan. 1999).

Lastly, the grounds for a new trial on the basis of alleged juror misconduct or bias are severely circumscribed by Fed.R.Evid. 606(b), which provides that

> [u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1)

> whether extraneous prejudicial information was improperly
> brought to the jury's attention, (2) whether any outside
> influence was improperly brought to bear upon any juror, or
> (3) whether there was a mistake in entering the verdict onto
> the verdict form.  A juror's affidavit or evidence of any
> statement by the juror may not be received on a matter about
> which the juror would be precluded from testifying.

**FED.R.EVID.** 606(b).  The Tenth Circuit has recently concluded that this rule is to be given its strictest possible construction, prohibiting any inquiry, whether direct or oblique, that might violate the sanctity of juror deliberations.  ***United States v. Benally***, – F.3d –, 2008 WL 4866618 at *3-11 (10th Cir. Nov. 12, 2008).  Unless the evidence clearly suggests that one of the enumerated exceptions to the rule applies, even evidence of egregious violations of the jury's oath cannot be considered.  ***See id.***, 2008 WL 4866618 at *6-7.[1]

### III.  ANALYSIS

Defendant moves for a new trial on four bases: (1) that the jury was improperly allowed to consider evidence of discrete acts in determining plaintiff's hostile work environment claim; (2) that the jury's verdict was against the great weight of the evidence; (3) that the court improperly admitted evidence of other complaints filed against plaintiff's supervisor, Shelby Broadway; and (4) that the jury was improperly influenced by bias and/or outside influences.  I have already rejected the first two arguments in the context of ruling on defendant's renewed motion for judgment as a matter of law under Fed.R.Civ.P. 50(b) and see no reason to revisit those matters under

---

[1] In ***Benally***, in which the defendant was a member of the Ute Mountain Ute tribe, a juror submitted an affidavit alleging that the foreman of the jury "told the other jurors that he used to live on or near an Indian Reservation, that '[w]hen Indians get alcohol, they all get drunk,' and that when they get drunk, they get violent." ***Benally***, 2008 WL 4866618 at *1.  The Tenth Circuit held that even these blatantly racist remarks, made within the context of deliberations, were insufficient to warrant a new trial on the criminal charges of which the defendant was found guilty.

3

Rule 59. (*See Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law* [#120], filed November 10, 2008). Therefore, I address only the latter two arguments.

Defendant maintains that I improperly admitted evidence of other complaints filed against Broadway in violation of Fed.R.Evid. 404(b). The rule provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

**FED.R.EVID.** 404(b). In this case, plaintiff offered the evidence to show motive, intent, and a pattern of conduct. I permitted counsel to question Broadway as to complaints of discrimination filed against her by employees at the Valmont Station during her tenure there.[2] (**Transcript** at 208-209 [#83], filed May 27, 2008.)

"The decision to exclude (or admit) evidence under this rule is within the sound discretion of the trial court, and will not be reversed absent a clear abuse of discretion." *Agristor Leasing v. Meuli*, 865 F.2d 1150, 1152 (10th Cir. 1988) (citation and internal quotation marks omitted). Moreover, "[a]s a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990). Such evidence also may be relevant to proving a pattern of conduct, which in

---

[2] Although I initially precluded plaintiff from inquiring as to other complaints filed against Broadway by employees at other postal facilities (**Transcript** at 208-209), after defendant suggested on cross-examination that the filing of such complaints was unique to the Valmont Station, I permitted plaintiff greater latitude to inquire as to those matters. Defendant did not lodge any further objections to this line of questioning. (**Transcript** at 226-231.)

4

turn may bear on the issue of pretext. ***See Greene v. Safeway Stores, Inc.***, 98 F.3d 554, 561 (10th Cir. 1996) (citing ***Bingman v. Natkin & Co.***, 937 F.2d 553, 556-57 (10th Cir. 1991)).

Defendant acknowledges this general principal, but argues that there is an insufficient nexus between these other complaints of discrimination and the employment decisions at issue in plaintiff's case. ***See Schneider v. City and County of Denver***, 2002 WL 1938583 at *7 (10th Cir. Aug. 22, 2002) (noting that for testimony of other employees to be relevant, "plaintiff must show the circumstances involving the other employees are such that their statements can 'logically or reasonably be tied to the decision to terminate [the plaintiff]'") (quoting ***Curtis v. Oklahoma City Public Schools Board of Education***, 147 F.3d 1200, 1217 (10th Cir. 1998) (internal citations and quotation marks omitted)). In so arguing, it neglects that one of the means of proving the requisite nexus is by "showing that the same supervisors were involved in prior discriminatory employment actions." ***Id.*** (quoting ***Heno v. Sprint United Management Co.***, 208 F.3d 847, 856 (10th Cir. 2000) (internal quotation marks omitted)). So long as such evidence is otherwise properly limited in time and scope, ***see id.*** (citing ***Heno***, 208 F.3d at 856), as was done here, it is not an abuse of discretion to admit it unless to do so would violate Rule 403.³ That boundary was not crossed here.

Even if it were, defendant has proffered nothing more than his own *ipse dixit* to suggest that the effect of allowing the evidence, in the context of the trial as a whole,

---

³ In his reply brief, defendant attempts to expand on his objection by arguing for the first time that the mere filing of a complaint itself is not probative of discriminatory intent. However, I do not consider arguments raised for the first time in a reply brief. ***See Shamrock Foods Co. v. Italco Food Products, Inc.***, 2008 WL 4829847 at *1 (D. Colo. Nov. 4, 2008) (Blackburn, J.).

5

prejudiced his substantial rights. *See **Coletti v. Cudd Pressure Control***, 165 F.3d 767, 776 (10th Cir. 1999); ***Sanjuan v. IBP, Inc.***, 160 F.3d 1291, 1296-97 (10th Cir. 1998). Certainly, the evidence regarding Broadway's treatment of plaintiff was sufficient in and of itself for a reasonable jury to find in plaintiff's favor, such that it cannot "be reasonably concluded that . . . without such evidence, there would have been a contrary result." ***Hinds***, 988 F.2d at 1049. Accordingly, defendant's motion for new trial on this basis must be denied.

Defendant contends also that a new trial is warranted due to juror bias and misconduct. In this regard he points to an unsigned, unverified letter that the jury foreman allegedly sent to the Postmaster General[4] about this case. Providing an "overview" of the evidence, the juror noted allegedly that

> Ms. Broadway previously had been moved around from several other postal stations in Arizona, New Mexico, California, and Colorado. In these stations she had accumulated a total of thirty four (34) EEO complaints against her. Fifteen of the complaints were initiated in the Valmont Post Office in Boulder[.]

(Def. Motion App., Exh. A-2 at 4.) Wondering why no action apparently had been taken in the face of these myriad complaints, the juror stated that,

> [i]n attempting to find answers to these questions, I did find out that the top two levels of postal management rotated through the various postal stations so frequently and for such short periods of time that they were not at a postal station long enough to either be aware of such problems as Ms. Broadway or didn't really care.

(***Id.*** at 5.) In conclusion, the juror stated that,

---

[4] The letter also was addressed to United States Senator Ken Salazar. (***See*** Def. Motion App., Exh. A-2.)

> [a]s a US citizen I found the penalty levied against the US
> Post Office a 'bitter sweet' message. . . sweet in that it sent a
> message to the US Post Office that discrimination will not be
> tolerated in the workplace and bitter in that the penalty levied
> actually came out of my pocket.

(*Id.* at 5-6.) Defendant suggests that this letter shows that the jury relied on excluded evidence, conducted outside research, and used their verdict to improperly impose a punitive award on the government.

This letter is far too thin a reed on which to order an evidentiary hearing, much less to premise a finding of juror misconduct or bias. **See United States v. Easter**, 981 F.2d 1549, 1553 (10th Cir. 1992), **cert. denied**, 113 S.Ct. 2448 (1993); **United States v. Cattle King Packing Co.**, 793 F.2d 232, 243 (10th Cir.), **cert. denied**, 107 S.Ct. 573 (1986). "Absent evidence to the contrary, we presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court." **Easter**, 981 F.2d at 1553. The jury instructions reminded the jurors that "[a]nything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely" (**Instruction No. 1** at 1 [#81-4], filed May 27, 2008), that "[a]ny evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely" (*id.* at 3), and that they were to be "guided by dispassionate common sense" in setting compensatory damages (**Instruction No. 18**). Nothing in the juror's letter evidences that those admonitions were transgressed in this case.

Contrary to defendant's argument, the letter indicates that the juror clearly understood the distinction between the 34 EEO complaints as to which I sustained defendant's objection and the 15 charges of discrimination from employees at the

7

Valmont Station as to which I allowed plaintiff's line of inquiry.[5] Nor does the letter suggest, either directly or obliquely, that "[i]n attempting to find answers to [his] questions," the juror conducted outside research *during* the trial or jury deliberations.[6] Finally, the juror's personal desire to "send a message" to the government does not indicate an improper, punitive purpose on his part individually or that the remaining jurors' verdicts were influenced by a similar motive. **See also Benally**, 2008 WL 4866618 at *1-2 (juror's affidavit that several other jurors expressed a desire by their verdict to "send a message back to the reservation" of which the criminal defendant was a member not sufficient to overcome prohibition on consideration of juror affidavit imposed by Fed.R.Evid. 606(b)). A substantial, but otherwise fair, award of compensatory damages serves that purpose full well.

      **THEREFORE IT IS ORDERED** that **Defendant's Motion for New Trial** [#95], filed July 10, 2008, is **DENIED**.

      Dated November 20, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**

---

[5] Moreover, as noted above, once defendant opened the door on cross-examination, plaintiff was permitted wider latitude in inquiring as to complaints filed against Broadway by employees at other postal facilities at which she worked. **See supra** note 2.

[6] Moreover, this is the only factor cited by defendant that might possibly overcome the otherwise total prohibition on allowing jurors to testify about their deliberations imposed by Fed.R.Evid. 606(b). **See Benally**, 2008 WL 4866618 at* 6-7. There is no basis to conclude, however, that any outside research the juror might have done, assuming *arguendo* that it was done during the course of the trial and/or the jury deliberations, was presented to the jury as a whole or otherwise became part of their deliberations.