# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 06-cv-01881-REB-CBS

RAYMOND E. JACKSON,

      Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL,

      Defendant.

---

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND EXPENSES

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Attorneys Fees and Expenses**

[#90], filed June 24, 2008.  I grant the motion in part and deny it in part.

## I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

The starting point for any calculation of a reasonable attorney's fee is the

"lodestar," that is, the number of hours reasonably expended multiplied by a reasonable

hourly rate.  **Hensley v. Eckerhart**, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76

L.Ed.2d 40 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  There

is a strong presumption that the lodestar fee represents a reasonable fee for purposes

of fee-shifting statutes.  **Homeward Bound, Inc. v. Hissom Memorial Center**, 963

F.2d 1352, 1355 (10th Cir. 1992).  Nevertheless, in certain exceptional cases,

enhancement of the lodestar may be warranted.  **See Ramos v. Lamm**, 713 F.2d 546,

557-58 (10th Cir. 1983). ***See also Barvick v. Cisneros***, 1997 WL 417994 at *12 (D.

Kan. July 19, 1997) (citing ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714,

717-19 (5th Cir. 1974)).

### III.  ANALYSIS

Pursuant to 42 U.S.C. § 2000e-5(k),

> In any action or proceeding under this subchapter the court,
> in its discretion, may allow the prevailing party, other than
> the Commission or the United States, a reasonable
> attorney's fee (including expert fees) as part of the costs,
> and the Commission and the United States shall be liable for
> costs the same as a private person.

There is no doubt, and defendant does not dispute, that plaintiff is the prevailing party in

this action.  Moreover, defendant presents no substantive argument in contravention of

plaintiff's calculation of the lodestar amount of his attorney's fees – $103,621.70[1] – or as

to the costs requested in the amount of $910.05.  Having reviewed plaintiff's counsels'

billing records and being apprised of their customary hourly fee, I find and conclude that

the hours expended and the fees billed by plaintiff's counsel in this matter are fair and

reasonable and produce a reasonable attorney fee for counsel's representation of

plaintiff in this matter.[2]

---

[1]  Although defendant suggested that he would seek to file supplemental briefing regarding the lodestar calculation after the court ruled on his renewed motion for judgment as a matter of law and motion for new trial, he has not done so.  Even if he had sought to supplement the briefing, I would have not allowed such belated arguments.  The issues inherent to this motion – including the amount of the lodestar – were fully joined at the time plaintiff filed his motion.  The time to address them was in response to that motion.  Defendant chose not to do so – even though the response he did file was still five pages shy of the court's page limitations – at his own peril.

[2]  Moreover, the costs requested are reasonable and plaintiff has proffered evidence, uncontested by defendant, that the types of costs sought are generally billed to a private client.  ***See Case v. Unified School District No. 233, Johnson County, Kansas***, 157 F.3d 1243, 1257 (10th Cir. 1998); ***Godinet v. Management and Training Corp.***, 182 F.Supp.2d 1108, 1114 (D. Kan. 2002), ***aff'd***, 56 Fed. Appx. 865 (10th Cir. Jan. 7, 2003).

Beyond these amounts, plaintiff's counsel also seeks a 30 percent enhancement of the lodestar, which they claim is necessary to more fully reflect the nature of their work on plaintiff's behalf. Without diminishing in any way the fine abilities of plaintiff's counsel or the admirable work they performed in and out of the courtroom on his behalf, I do not find that an enhancement of the lodestar is warranted in this case.

Plaintiff argues first that an enhancement is necessary to reflect the excellent result he achieved. The Tenth Circuit has noted that "exceptional success" may merit an enhancement:

> "Exceptional success" justifying an enhanced fee may be based upon the performance of counsel – for example, victory under unusually difficult circumstances or with an extraordinary economy of time – or upon the result achieved – total victory or establishment of significant new law.

*Ramos*, 713 F.2d at 557. Assuming *arguendo* that the phrase "total victory" refers to simply to the fact that the plaintiff won on all claims,[3] if total victory alone were sufficient to merit an enhancement then far more litigants would be entitled to enhancements. However, the fact that enhancements are "not to be routinely granted," *Clayton v. Thomas*, 775 F.2d 1096, 1098 (10th Cir. 1985), and that "the results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as [an] independent reason[] for increasing the fee award," *Campbell v. Kansas State University*, 804 F.Supp. 1393, 1396 (D. Kan. 1992), suggests that such an

---

[3] Without diminishing plaintiff's success in this case, I am not fully persuaded that the outcome of this case as a "total success." Although all three of plaintiff's claims went to trial, the factual bases on which these were allowed to proceed were substantially reduced on summary judgment. Although this fact would not in itself be sufficient require a downward adjustment of the lodestar, *see Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 1990), neither does it suggest the type of victory that warrants an enhancement.

interpretation would be erroneous. Moreover, the scant caselaw in this circuit supports the conclusion that total victory alone is sufficient to warrant an enhancement. Rather, the prevailing party's victory must be paired with additional exceptional circumstances, such as the particular skill and expertise of counsel, the complexity and difficulty of the issues presented, or the tenacity with which the case was litigated by the opposing party, to merit a fee enhancement. **See, e.g.**, **Skinner v. Uphoff**, 324 F.Supp.2d 1278, 1287-88 (D. Wyo. 2004) (granting 25 percent enhancement where plaintiff's attorney's hourly rate was capped by statute and attorney achieved result that created new policies and vindicated the constitutional rights of a large number of people); **Plummer v. Marsh**, 1985 WL 343 at *3 (D. Colo. Oct. 9, 1985) (granting 20 percent enhancement of fee award where counsel "secured an unquestionably excellent and exceptional award with an extraordinary economy of time on his part").

When I compare this case to those few in this circuit in which fee enhancements have been considered, I cannot say that this case is the exceptional one in which enhancement is necessary to reflect the extent of plaintiff's victory. Although plaintiff argues that his counsel brought this case from near-dismissal for failure to prosecute to successful jury verdict in approximately eight months, this time is not so contracted as to weigh heavily in favor of an enhancement.[4] **Cf. Plummer**, 1985 WL 343 at *2-3 (enhancement warranted where, *inter alia*, plaintiff's attorney expended only 76.5 hours on the litigation, including time spent on litigating the fee and cost issues). Moreover, the pertinent inquiry is not merely whether the work was done quickly, but whether "the

---

[4] Prior to the appearance of plaintiff's trial counsel, he was represented by a different attorney.

work was done well in a relatively short time given the complexity of the task." ***Ramos***, 713 F.2d at 557. The relationship between the complexity of the issues presented in this case and the time to trial is not so compelling as to convince me that an enhancement is required in this case.

Plaintiff argues further that an enhancement is warranted to account for the fact of the government's immunity from punitive damages, a fact which he claims makes it more difficult to secure competent legal counsel willing to work on a contingent fee basis. I do not find this an appropriate consideration for several reasons. First, this argument is little more than a new twist on the "undesirability" criteria that the Tenth Circuit has found insufficient to support an enhancement of the lodestar. ***See id***. at 557-58. Second, plaintiff's evidence of the purported fact of undesirability is rather weak, based on vague assertions regarding non-specific, hearsay conversations with unnamed lawyers and/or firms. (***See*** Plf. Motion App., Exh. 3 ¶ 13 at 5.) Finally, consideration of this factor would, in effect, constitute an override of sovereign immunity, accomplishing by judicial fiat what is prohibited by constitutional mandate. I, therefore, conclude that this consideration is not an appropriate basis for enhancing plaintiff's attorney fee award.

Although plaintiff points also to the contingent nature of his fee agreement with counsel, he frankly acknowledges, as he must, that this factor by itself cannot support an enhancement of the lodestar. (***See*** Plf. Reply at 5-6.) Accordingly, I find and conclude ultimately that plaintiff is not entitled to an enhancement of the lodestar.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Attorneys Fees and Expenses** [#90], filed June 24, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** with respect to plaintiff's request for attorney fees in the amount of $103,621.70 and costs in the amount of $910.05 pursuant to 42 U.S.C. § 2000e-5(k); and

    b. That the motion is **DENIED** otherwise.

Dated November 26, 2008, at Denver, Colorado.

                         **BY THE COURT:**

                         <u>s/ Robert E. Blackburn</u>
                         **Robert E. Blackburn**
                         **United States District Judge**